# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| **Antonio Jackson,** *Plaintiff*, v. **Commonwealth Financial Systems, Inc.,** *Defendant*. | Case No: 6:21-cv-1668 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY TRIAL DEMAND

COMES NOW the Plaintiff, **Antonio Jackson**, ("**Mr. Jackson**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, **Commonwealth Financial Systems, Inc.,** stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Mr. Jackson against Commonwealth for violations of the *Fair Debt Collection Practices Act*, 15 U.S.C. § 1692, *et. seq.* ("**FDCPA**").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction exists pursuant to 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, as the Plaintiff is bringing this action under the FDCPA, a federal statute.

3. The Defendant is subject to the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k)(1)(A) and Section 48.193, Florida Statutes.

4. Venue is proper in Middle District of Florida, pursuant to 28 U.S.C. §1391(b)(2), because the events giving rise to this cause of action occurred within this District.

## PARTIES

5. **Mr. Jackson** is a natural person residing in the city of Orlando, Orange County, Florida.

6. Mr. Jackson is a *Consumer* as defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

7. **Commonwealth** is a Pennsylvania foreign profit corporation with a primary business address of **245 Main Street, Dickson City, Pennsylvania 18519**.

8. Commonwealth is registered to conduct business in the State of Florida, where its registered agent is, **CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324**.

9. Commonwealth is licensed as a Consumer Collection Agency ("**CCA**") by the Florida Office of Financial Regulation.

10. As a licensed CCA, Commonwealth knows, or should know, the requirements of the FDCPA.

11. Commonwealth is a "debt collector" within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), in it uses use an instrumentality of interstate commerce,

including postal mail and the internet, for their businesses, the principal purposes of which are the collection of debts, and/or they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

### The Alleged Debt

12. In or around August 2017, Mr. Jackson allegedly incurred a debt of $363 (the "**Debt**") to Emergency Physicians of Central Florida ("**EPCF**") for emergency medical services.

13. The alleged Debt arose from personal medical services and therefore meets the definition of *debt* under the FDCPA, 15 U.S.C. §1692a(5).

14. Around October 2019, EPCF assigned, or otherwise transferred the Debt to The Law Offices of Mitchell D. Bluhm & Associates, LLC ("**MBA Law**"), a Georgia-based debt collector.

15. MBA Law thereafter began reporting the Debt, monthly, to Experian, beginning in December 2019. **SEE PLAINTIFF'S EXHIBIT A.**

16. MBA Law reported to Experian that Mr. Jackson owed $363, with an original creditor of "EMERGENCY PHYSICIANS OF CENTRA" and a Date of First Delinquency ("**DOFD**") of September 2017. *Id.*

17. MBA Law also reported that the Debt was in collections and the individual responsibility of Mr. Jackson. *Id.*

**Debt Re-Reported by Commonwealth**

18. On information and belief, MBA Law returned the Debt to EPCF sometime prior to January 2021.

19. EPCF thereafter assigned the Debt to Commonwealth.

20. Commonwealth, in turn, began reporting the Debt monthly to Experian, beginning in February 2021. **SEE PLAINTIFF'S EXHIBIT B.**

21. Commonwealth reported the same balance, account status, DOFD, original creditor and ECOA code as MBA Law.

22. The only difference in the data was the "date open" for collection, "date of status" of the account being considered "in collection," and the "date first reported."

**Commonwealth Reports False 'Date Open' and 'First Reported'**

23. The "Date Open" and "Fist Reported" are key points of data evaluated by many versions of FICO® credit scores, including FICO Model II, used by Experian for mortgage evaluations. The more recent the "Date Open" and "First Reported," the more adverse the information is factored against the consumer. See *Toliver v. Experian Info. Solutions, Inc.*, 973 F. Supp. 2d 707 (S.D. Tex. 2013) "(Plaintiff) has produced evidence to suggest that the FICO credit scoring model affords greater weight to recent delinquencies, and that the 'Aug.2011' 'Date Open' entry on her Experian credit report could make it appear as though the account became a collection account more recently than it actually did.")

24. Commonwealth reported a date "First Reported" for the Debt of February 2021.

25. Commonwealth thus falsely implied that the Debt was *first* reported to Experian as a collection account in February 2021, even though the true date was in December 2019 – when it was reported by MBA Law.

26. Likewise, Commonwealth reported to Experian that the EPCF account had a "Date Opened" of January 2021. ***Id.***

27. A reasonable and prudent reader of Mr. Jackson's credit report would infer that an account indicating a balance owed to EPCF reflecting a "Date Opened" of January 2021 means – as the plain language implies – the account was opened *with EPCF* in January 2021. *See Toliver*, Id. ("Here, there is no language to indicate that 'Date opened' means anything other than the date that the consumer opened the account, as it does for the majority of accounts on (Plaintiff's) credit report…. (A) reasonable jury could find that the "Date opened" entry was misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.") (Internal quotations omitted).

28. "A reasonable jury could find that the 'Date Open' entry was "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Id.,* quoting *Sepulvado v. CSC Credit Services, Inc.,* 158 F.3d 890 (5th Cir. 1998).

29. Commonwealth's reported information is false, as Mr. Jackson's medical bill went into collections at the latest in October 2019.

30. Commonwealth's reporting would lead a reasonable viewer of Mr. Jackson's credit report to believe that the Debt was a more recent account than is actually the case.

31. Commonwealth's reporting thus caused damages to Mr. Jackson in the form of loss of credit and an inability to obtain new credit.

32. Mr. Jackson has also spent time and money to correct his file, including time spent engaging attorneys.

33. Mr. Jackson has hired the aforementioned law firm to represent him in this matter and is obligated to pay its reasonable fees and / or has assigned his right to attorney fees and costs to the law firm.

## COUNT I
## VIOLATIONS OF THE FDCPA

34. Mr. Jackson adopts and incorporates paragraphs 1 – 33 as if fully stated herein.

35. Commonwealth violated **15 U.S.C. § 1692e and 1692e(10)** when Commonwealth made false and/or misleading representations in an attempt to collect the Debt, when it reported the Debt to Experian, claiming the "Date Open" of the Debt (e.g., the date which the account became a collection) was January 2021, when it was October 2019 or earlier and that the account had been "First Reported" as of February 2021, when it had been reported since December 2019 or earlier.

36. Commonwealth violated **15 U.S.C. § 1692e(8)** when Commonwealth communicated credit information known to be false, specifically, the "Date Open" of the Debt (e.g., the date which the account became a collection) was January 2021, when it was October 2019 or earlier and that the account had been "First Reported" as of February 2021, when it had been reported since December 2019 or earlier.

37. Commonwealth violated **15 U.S.C. § 1692e(2)(a)** when Commonwealth made false and misleading representations about the character, amount and legal status of the Debt when it falsely claimed the "Date Open" of the Debt (e.g., the date which the account became a collection) was January 2021, when it was October 2019 or earlier and that the account had been "First Reported" as of February 2021, when it had been reported since December 2019 or earlier.

38. Commonwealth's actions render it liable for the above-stated violations of the FDCPA, and Mr. Jackson is therefore entitled to statutory damages up to $1,000.00 as well as other relief.

**WHEREFORE,** Mr. Jackson respectfully requests this Honorable Court enter judgment against Commonwealth and for him as follows:

a. Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. Actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

d. Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted on October 7, 2021, by:

        **SERAPH LEGAL, P. A.**

        */s/ Bridget L. Scarangella*
        Bridget L. Scarangella, Esq. (Lead)
        Florida Bar No.: 1022866
        */s/ Thomas M. Bonan*
        Thomas M. Bonan, Esq.
        Florida Bar No.: 118103
        1614 N. 19th St.
        Tampa, FL 33605
        (813) 321-2347
        BScarangella@seraphlegal.com
        Tbonan@SeraphLegal.com
        Counsel for Plaintiff

**EXHIBIT LIST**
A – Excerpt from Consumer's Experian Disclosure Dated 3/31/2020
B – Excerpt from Consumer's Experian Disclosure Dated 7/29/2021